# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 96-11462
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus


SHANE MICHAEL HACKER,

                                        Defendant-Appellant.



- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CR-33-1
- - - - - - - - - -
May 23, 1997
Before POLITZ, Chief Judge, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

     Shane Michael Hacker pleaded guilty to one count of theft from a bank in

violation of 18 U.S.C. § 2113(b).  In sentencing, the district court denied Hacker

     [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in
Local Rule 47.5.4.

a reduction in his offense level for acceptance of responsibility because he violated his conditions of release, specifically the prohibition against committing any criminal offense and the excessive use of alcohol while on release. In **United States v. Watkins**,[1] we held that the district court's denial of a reduction for acceptance of responsibility was not an abuse of discretion when the defendant used cocaine while on release pending sentencing. The court reached a similar result in **United States v. Flucas**.[2]

Hacker asserts that his prior violation of law, misdemeanor assault, was completely unrelated to the charged offense of theft from a bank, and was so petty in nature that it should not preclude a reduction for acceptance of responsibility. We have held that the application notes to the guidelines addressing withdrawal from criminal activity are written in general, not specific terms, and thus do "not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction."[3] Hacker cites **United States v. Morrison**[4] to support his contention. In **Flucas** we noted **Morrison**

---

[1] 911 F.2d 983 (5th Cir. 1990).

[2] 99 F.3d 177 (5th Cir.), cert. denied, 117 S. Ct. 1097 (1997) (noting the decisions of the other circuits on this point).

[3] **Watkins** at 985.

[4] 983 F.2d 730 (6th Cir. 1993).

but did not adopt the Sixth Circuit's reasoning. Hacker has not shown that the denial was clear error.

AFFIRMED.